## No. 334

NANCY McCOY SMITH et al v. NELLIE McCOY DAVIDSON et al

No. 18504.   Ohio Supreme Court

On Motion to Direct Franklin Appeals to Certify Record

Docketed April 5, 1924, 2 Abs. 259.   For

Court of Appeals Op., see Post Page 363.

**PARTITION—Nature of Judgment—Right to appeal from.**

Porter J. McCoy died leaving a farm of 163 acres in Franklin county, and several children who were heirs thereto. Several partition suits were filed, and then an amicable agreement was arrived at, dividing the lands, and all the suits consolidated. A consent decree was taken in the Common Pleas and confirmed on Jan. 27, 1923, describing how the land was to be aparted, and that it should be surveyed and go in fee to the respective parties.

At the April term of the court, on June 11, 1923, and before the commissioners had reported, Davidson made a motion to have the

decree set aside and vacated, setting up that it had been prematurely filed, having been made and entered before the survey was made, it was impossible to know the lines of the various tracts; that there was a surplus of land not taken into consideration, and that would make the agreed upon division unequal, inequitable and unjust, if adhered to. In the settlement agreed upon, an allotment had been made of specific parts of the land to the various parties, and in the decree the surveyor was ordered to go upon the land, and survey the parts and establish lines, and thereafter the sheriff was to deliver deeds to the various parties. The concluding part of the judgment was: "This case is ordered kept on the docket for any other orders of the court."

The Common Pleas vacated the judgment. To this Smith excepted and had the case forwarded to the Court of Appeals, complaining that the entry of Jan. 27, 1923, was a final judgment, and that the Common Pleas had no power to set it aside as it did, after the third day of the subsequent term of court, and that its action was not in conformity with Par. 3, 11631 ,or the last paragraph of 11634 GC.

The Court of Appeals sustained the Common Pleas, holding that the judgment was interlocutory, it being manifest that the intentoion was that jurisdiction was to be kept until the report of the surveyor was made and that the last clause ordering the case to be kept on the docket was decisive of its character.

In answer to this it was contended that if it was an interlocutory decree, because of the clause in the judgment, that, in any partition case, would take away from the parties the right of appeal or error given them by Art. IV, Sec. 6, of the state constitution. But the Court of Appeals held that the Common Pleas had jurisdiction at a subsequent term, over the judgment, and power to modify the same rested largely in the discretion of the trial court. On rehearing, the Appeals adhered to its former decision.

The questions involved in the case are stated as being:

1. Because the decree determines all the equities of the case, and aparts the property, and leaves nothing for the court thereafter to do but approve or disapprove the ministerial acts of the surveyor or sheriff in executing it; from any violation of the decree an appeal may be had.

2. The last sentence of the decree ordering the case to be kept on the docket does not change the decree into an interlocutory one from which no appeal would lie.

3. Court cannot set aside, hold for naught, strike from the files and vacate a consent or agreed decree, after the term, at its discretion, without any showing of fraud, mutual mistake, or effort to comply with the statutes governing the vacation of judgments.

Attorneys—Samuel L. Black, for Smith; M. E. Trailkill and T .M. Sherman, contra; all of Columbus.

# THESE BOOKS GIVE LAW AND PROFIT

**Fit Your Library With the Works That Pay the Office Rent Like the Ones Below**

**Check the 1924 Best Sellers**

that interest you and mail me an order on the form given at the bottom of this announcement.

Each book is the leader in its class and you will get the results from their use in increased clientele.

Here are the winners: .

Birdseye's Abbott's Forms_____$15
Deibel's Ohio Probate Code_____$15
Real Estate Appraising by County
   Auditor Zangerle _____$5
Cleveland and Akron Appeals Cases_$5
Osborn's Problem of Proof_____$6
Munsterberg "On the Witness
   Stand" _____$3
Wellman on "The Art of Cross
   Examination" _____$4
Jones' Handbook on Evidence_____$10
The Ohio Mystery book_____About $10
Prentice Hall Inheritance Tax
   Service, All States_____$30
Thompson on Real Property_____$60
Collier on Bankruptcy_____$40
Schouler on Wills ,2 Vols._____$20
Throckmorton's Ohio General Code,
   with new and larger index____$47.50

## ORDER BLANK

W. Howard Haynes,
   Law Books,
      2080 E. 107th,
         Cleveland.

Dear Sir:
   Please send following books, subject to my approval, on 10 days' trial, my check to be sent at end of that time, if books are satisfactory.

Name _____

Address _____